```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**LEVI LLOYD HARVEY,**
                      **Plaintiff,**

        **v.**                              CASE NO. 11-3137-SAC

**KAREN ROHLILNG, Warden,**
**et al.,**

                      **Defendants.**

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed pro se by plaintiff while he was an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. On September 12, 2011, the court entered a Memorandum and Order in which it discussed deficiencies it had found upon screening and directed plaintiff to submit, within thirty days, an initial partial filing fee of $8.50. In addition, plaintiff was ordered to file a response showing that prison administrative remedies had been exhausted on each of his claims, and showing cause as to why this action should not be dismissed for the reasons stated in the Memorandum and Order.

Plaintiff has since submitted two motions for appointment of counsel (Docs. 4 & 8), his motion to proceed without prepayment of fees upon forms (Doc. 5), and four documents entitled "Jury Trial Demanded Complaint for Money

Damages and Injunction" (Docs. 6, 7, 9, & 10).

The first "complaint" submitted by plaintiff is a two-page document with 161 pages of exhibits (Doc. 6) and the third includes 64 pages of exhibits (Doc. 9). Having considered all materials filed herein, the court finds that plaintiff failed to comply with the orders of the court within the time prescribed in that he failed to submit the assessed initial partial filing fee or clearly object to its imposition, failed to show that administrative remedies were fully and properly exhausted on each of his claims prior to his filing this lawsuit, and failed to show cause why this action should not be dismissed for the reasons stated in the screening order dated September 9, 2011, including failure to state a federal constitutional claim.[1]

In its screening order the court, with great difficulty, liberally construed plaintiff's claims as encompassing three categories: (1) exposure to asbestos, (2) mail mishandling, and (3) prison disciplinary actions and reprisals. The court found that plaintiff alleged no facts regarding his personal exposure to asbestos and sought no relief based on these allegations, but offered the facts only as background for his other two claims. The court further found that plaintiff's allegations failed to show personal participation of each defendant in

---

[1] Furthermore, plaintiff's First Amended Complaint is not a complete complaint (Doc. 6) that supersedes his original complaint. Mr. Harvey did not seek and was not given leave to file three additional amended complaints. Thus, technically, the only complaint properly before the court is plaintiff's First Amended Complaint (Doc. 6), which could be filed without leave of court, and which contains no specific facts whatsoever.

2

unconstitutional acts. The court also found it apparent from allegations in the complaint that Mr. Harvey had not fully and properly exhausted administrative remedies prior to filing this lawsuit. He was given time to show that he properly followed the three-step process for exhaustion on each of his claims. In addition, the court set forth why plaintiff's allegations of mail mishandling and his challenges to disciplinary actions including denial of good time awards failed to state a claim under § 1983. The court further noted that plaintiff had improperly joined some unrelated claims, and that other possible claims were conclusory or not supported by sufficient factual allegations.

Plaintiff's second and third "complaints" (Docs. 6 & 7) do nothing more than list numerous additional defendants, incorrectly state that they all acted "under color of federal" as well as state law, and generally allege that they were "responsible for adequate medical or mental health care or for the supervision of such providers," or for performing management or administrative duties, or for the grievance process. Plaintiff's third and fourth "complaints" (Docs. 9 & 10) also do nothing but list additional numerous defendants with the same general language regarding responsibility. The defendants listed in the latter two complaints also appear to be improperly joined in this action.

Plaintiff utterly fails to adequately address deficiencies in his original complaint with these lists of defendants and very general statements.  He does not describe acts or omissions taken by each named defendant, provide the date and location of those acts, and explain how they amounted to a violation of his federal constitutional rights in light of the court's discussion that they did not arise to such violations.  Supervisory officials may not be held liable for the acts of individual correctional officers or medical staff based upon their supervisory capacity or their having affirmed the denial of a grievance.

Plaintiff's exhibits confirm that he received medical attention for his hernia and his skin condition.  Many are plainly irrelevant to his claims, and he still fails to explain the significance of any particular exhibit.  Furthermore, neither his additional generic allegations nor his exhibits establish that he fully exhausted all his claims before he filed this lawsuit, or that his federal constitutional rights were violated.

The court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(a),(b) and 28 U.S.C. 1915(e)(2)(b) for the reasons stated in this order and in its Memorandum and Order of September 9, 2011.  This dismissal qualifies as a strike under 28 U.S.C. § 1915(g).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 5) is provisionally granted for the sole purpose of dismissing this action, and that plaintiff's Motions to Appoint Counsel (Docs. 4 & 8) are denied as moot.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge